## DILLINGHAM v. KERR et al.

(Court of Civil Appeals of Texas. Galveston. June 23, 1911. Rehearing Denied Oct. 5, 1911.)

1. VENDOR AND PURCHASER (§§ 93, 97*)—CONTRACTS—FORFEITURE—WAIVER.

A bond for title, executed by the vendor before acquisition of patent, recited that the title should be made when the purchase money was paid and patent issued. The purchaser paid a part of the price in cash, and executed notes for the balance, payable at a future date. *Held*, that the vendor could demand payment of the notes at maturity, and on the purchaser's failure to pay he could elect to rescind the contract; but, where he waived payment by failure to demand at maturity, the right to rescind could not be exercised without first tendering a proper deed, and demanding payment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. §§ 93, 97.*]

2. VENDOR AND PURCHASER (§ 101*)—CONTRACTS—FORFEITURE—WAIVER.

When a vendor taking notes of the purchaser for the price suffered default in payment without complaint, and subsequently treated the contract as continuing, he could thereafter revive his right to rescind only on notice of his purpose, giving the purchaser a reasonable time in which to comply.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 170–174; Dec. Dig. § 101.*]

3. VENDOR AND PURCHASER (§ 95*) — CONTRACTS—FORFEITURE—WAIVER.

Where a vendor waived payment of the price at maturity, and thereafter treated the contract as continuing, and his heirs sued for the land in possession of the purchaser without tendering performance, the purchaser could tender the money due, with interest from maturity, and thereby prevent a forfeiture, no matter how long he had been in default.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 95.*]

Error from District Court, Tyler County; W. B. Powell, Judge.

Action by Calloway Kerr and others against Charles Dillingham, receiver of the Houston Oil Company of Texas. There was a judgment for plaintiffs, and defendant brings error. Reversed and rendered.

H. O. Head and Parker, Orgain & Butler, for plaintiff in error. Thomas & Harper, for defendants in error.

McMEANS, J. This suit was brought by Calloway Kerr and numerous other plaintiffs, heirs of Hugh Kerr, deceased, against Charles Dillingham, receiver of the Houston Oil Company of Texas, for the recovery of the title and possession of the Hugh Kerr 160-acre pre-emption survey of land in Tyler county.

The defendant answered by general denial, plea of not guilty, pleas of limitation of three, five, and ten years, and further pleaded specially as follows: "Said defendant, further answering, says that he deraigns title by mesne conveyance from J. K. P. Holland; that on the 13th day of November, 1875, Hugh Kerr, the then owner of the land sued for, which was not patented, executed and delivered to said Holland the following bond or instrument in writing, which was duly acknowledged and filed in the General Land Office, and which was also duly recorded in the Deed Records of Tyler county, Tex.: " 'The State of Texas, County of Tyler.

" 'Know all men by these presents, that I, H. Kerr, of Tyler county, Texas, am held and firmly bound unto Polk Holland, his heirs, executors, &c. in the penal sum of five hundred dollars, for the payment of which to be well and truly made, I bind myself, my heirs and assigns firmly by these presents. The consideration of this obligation is such that whereas the above bound H. Kerr has this day for and in consideration of the sum of one hundred dollars to be paid by said Polk Holland to said Kerr, whenever a good and sufficient deed of conveyance is made to a certain tract or parcel of land known as the Hugh Kerr pre-emption survey situated in said county about 20 miles south of the town of Woodville on the waters of Hickory creek, the title to be made whenever the purchase money is paid and the Commissioner of the General Land Office shall issue a patent for the same to said Kerr, vesting in him the title, the said Holland to pay the patent fee and other expenses. Given under my hand and scroll for seal November 13, 1875. H. Kerr, [Seal.].'

"That a short time after the execution and delivery of said bond, said Kerr delivered possession of said land to said Holland, who moved on same, and used and occupied same for a period of years, and at the time he took possession he paid to said Kerr a part of the purchase money therefor, to wit, the sum of $10, and executed to said Kerr his negotiable promissory note for the balance, payable to said Kerr or bearer, and in accordance with the conditions of said bond. That afterwards said notes were duly transferred and delivered by said Kerr to Elizabeth Cooper, who held same, and was entitled to collect the same, and said Holland paid the same to said Elizabeth Cooper, which payment was in full satisfaction of said bond. That said Holland also paid the patent fee and other expenses incurred in securing the patent for said land, as provided for in said bond. That said Holland and those claiming under him have had possession of said land, peaceable and undisturbed, having continuously asserted ownership over the same and paid taxes on the same since the date of said bond, and that neither said Kerr, during his lifetime, after the date of said bond, nor his heirs or legal representatives since his death, have ever claimed said land, or asserted any ownership over same, until the filing of this suit; neither have they paid any taxes on same.

"Defendant further alleges that neither said Kerr, nor his heirs nor legal representatives, have ever made or offered to make to said Holland or those claiming under him, a

good and sufficient deed to said land, as provided and required by the terms and conditions of said bond, and that it is through no fault or neglect of the said Holland or his assigns that said one hundred dollars was not long since paid; said Holland believing and having reasonable cause to believe, that his said payment, as aforesaid, was in full compliance with and in satisfaction of said bond. And if the court should hold that such payment, aforesaid, did not satisfy said bond, said defendant is willing, and here now offers to pay the plaintiffs, said one hundred dollars, or any part of same to which they are entitled, and here now tenders the same, which has been paid by him into the registry of this court. Defendant further alleges that he has offered the plaintiffs said one hundred dollars in satisfaction of their demand and claim, which was refused by them; wherefore said defendant prays judgment."

Before entering into trial, the defendants filed an admission in writing that the defendant, Dillingham, as receiver, held the title to one-fifth of the land in controversy under a deed executed by Elizabeth Cooper, one of the heirs of Hugh Kerr, deceased, to the Village Mills Company, defendant's predecessor in title.

The case was tried before the court without a jury, and resulted in a judgment for plaintiffs for four-fifths, and in favor of the defendant for one-fifth, of the land in controversy. From this judgment, the defendant, Dillingham, has prosecuted this writ of error, and seeks a reversal upon the following two assignments of error: "The trial court erred, to the prejudice of this defendant, in rendering judgment in favor of the plaintiffs herein for a total interest in the property in controversy equal to four-fifths (⅘) of the whole, and in not making such judgment conditional upon the failure of defendant to pay, within a reasonable time and manner, to be designated by the court, such amount as was due as balance of the purchase money stipulated in the bond for title given by H. Kerr to Polk Holland, with interest thereon. The trial court erred in rendering judgment in favor of this defendant against the plaintiffs for only one-fifth (⅕) of the land in controversy, and in not rendering judgment in favor of this defendant against plaintiffs, for the entire body of land in controversy in this suit, subject only to the payment by this defendant to the plaintiffs of the balance found to be due and unpaid of the purchase money stipulated to be paid in the bond for title from H. Kerr to Polk Holland, with interest thereon."

The evidence in the record justifies the following fact conclusions: The plaintiffs are all of the heirs of Hugh Kerr, deceased; except Elizabeth Cooper, who inherited one-fifth of all the property owned by said Kerr at the time of his death. Dillingham is the duly appointed receiver of the Houston Oil Company, and the title of the property of said company is vested in him as such receiver. Whatever title or right to the land in controversy that was acquired by Polk Holland, by virtue of the execution and delivery by Hugh Kerr to him of the bond for title hereinbefore set out, is now vested in the receiver. The bond for title was executed on November 13, 1875. The patent to the land was issued to Hugh Kerr February 19, 1884, which was after his death, which occurred in 1877 or 1878. At the time of the execution of the bond for title, Holland paid to Kerr six or seven dollars, in supplies, and executed to him two notes, without interest, one due in the fall of 1876, and the other in the fall of 1877. These notes were never paid, and no demand for their payment was ever made by Hugh Kerr during his lifetime, nor by his heirs since his death, except that one of the heirs, W. E. Kerr, a grandson of Hugh Kerr, carried the notes to Holland in 1879 or 1880, and demanded payment of them, but Holland could not then pay for the lack of money. No deed to the land was ever executed and tendered to Holland by Hugh Kerr in his lifetime, nor by his heirs since his death, except that Elizabeth Cooper sold her undivided one-fifth interest to Holland's successor in title, by deed dated December 19, 1884, and was paid therefor by Holland the sum of $33.33. After the execution of the bond for title, Holland took possession of the land, and continued in possession, with slight interruption, for several years; Mrs. Cooper, a daughter of Hugh Kerr, living on the land some months as a tenant of Holland.

The following admission was made by plaintiffs on the trial: "Admitted that defendant offered plaintiffs' attorney $100 in settlement of the bond, before the trial, which was refused, and they now tender it in open court, which is refused." No exception was taken or objection made to the amount of the tender. Defendant in his brief says that, should this court consider that interest from the date of the bond should be added to the amount tendered, he is ready and willing to pay any sum that may be determined to be due.

[1] While it might appear from the terms of the bond for title that the payment of the consideration and the execution of the deed to the land were to be simultaneous, and that the parties contemplated that this should be done after the issuance of the patent, the execution of the notes evidenced the intention and agreement of the parties that the consideration should be paid upon the maturity of the notes. This being true, the vendor had the right to demand the payment of the notes at the dates of their maturity, and upon failure of the vendee to pay could have elected to rescind the contract. But it appears from the evidence that no proper demand for the payment of the notes was ever made, and the evidence in the record justifies the conclusion that payment of the

notes at their maturity was waived. W. E. Kerr, a grandson of Hugh Kerr, says he demanded payment; but this was years after the maturity of the notes, and it does not appear that he was then acting for all the heirs of Hugh Kerr, or for any one other than himself, and he does not pretend that at that time any deed was tendered, or that he offered to secure a proper deed, vesting the legal title of Hugh Kerr's heirs to the land in Holland. The payment of the notes at maturity having been waived, the owners of the legal title could not exercise their remedy of rescission for nonpayment without first tendering performance of the contract upon their part by the execution and tender of a proper deed of conveyance. Moore v. Giesecke, 76 Tex. 547, 13 S. W. 290.

[2] Again, Hugh Kerr having suffered default in the payment of the consideration to pass without complaint, and thereafter having treated the contract as continuing, he could thereafter revive his right to rescind only upon distinct notice of his purpose, and then Holland or his assigns would have a reasonable time in which to comply. Erwin v. Daniels, 79 S. W. 61, 34 Tex. Civ. App. 378; Thompson v. Robinson, 93 Tex. 170, 54 S. W. 243, 77 Am. St. Rep. 843; Scarbrough v. Arrant, 25 Tex. 134; Hill v. Still, 19 Tex. 78.

[3] Upon being sued for the land under the circumstances of this case, Holland or his assigns had the right to tender the money due, and thereby save a forfeiture, no matter how long he or they may have been in default. Tom v. Wollhoefer, 61 Tex. 281; Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238, and it appears that a substantial tender was made. We think it clear, therefore, that the judgment rendered in the court below was erroneous, and that judgment should, under the facts, have been rendered for the receiver. We think, however, that to the amount of the tender should have been added interest, at the legal rate, from the maturity of the notes. Tender of interest was not made in the court below, but, as before stated, the plaintiff in error has expressed his willingness, in case this court decides he should pay interest, to pay the amount thereof, in addition to the sum tendered. It was admitted on the trial that plaintiff in error had paid for and acquired title to an undivided one-fifth interest in the land. This would leave a balance due on the contract price—the sum of $80. To this amount should be added interest, at the legal rate, from the dates of the maturity of the notes, say December 1, 1876, and December 1, 1877, respectively, to this date (R. S. 1879, art. 2976; R. S. 1895, art. 3101), which amounts to $187.65, which, added to the unpaid principal, amounts to $267.65.

It is therefore ordered that the judgment of the court below be reversed, and judgment is here rendered in favor of the plaintiff in error for the land in controversy. It is further ordered that the defendants in error have judgment against Charles Dillingham, receiver of the Houston Oil Company, for said sum of $267.65, and that they have a lien on said land as security for the payment of said sum.

Reversed and rendered.