KENDRICK v. LUNSFORD.

(Court of Civil Appeals of Texas. Ft. Worth. June 22, 1912. Rehearing Denied Oct. 19, 1912.)

JUDGMENT (§ 217*)—FINALITY.

Plaintiff and defendant planned to build a mill, and secured donations of a specified five acres of ground and certain moneys, and entered into a partnership agreement that each were to have an undivided interest of one-half in said donations, and plaintiff was to have one-fourth interest in the mill property after its completion. All the obligations assumed in constructing the mill had been discharged out of profits thereof, and the plaintiff sued defendant for misappropriation, and prayed for an undivided one-half interest in said five acres of land, for an undivided one-fourth interest in the mill plant and for his proper share of the accumulated profits. *Held*, that a judgment following a verdict finding "for the plaintiff in the sum of $2,500 and one-fourth undivided paid out interest in the * * * mill plant" was final, and that it adjudicated the plaintiff's right in the undivided five acres of land, which will be held, under the circumstances, to be part of the mill plant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 394; Dec. Dig. § 217.*]

Appeal from District Court, Knox County; Jo. A. P. Dickson, Judge.

Action by John Lunsford against J. D. Kendrick. Judgment for plaintiff, and defendant appeals. Affirmed.

H. G. McConnell and Gordon B. McGuire, both of Haskell, W. N. Coombes, of Benjamin, C. E. Coombes, of Anson, and Theodore Mack, of Ft. Worth, for appellant. D. J. Brookerson and Jas. A. Stephens, both of Benjamin, for appellee.

CONNER, J. Excluding matter unnecessary to an understanding of our conclusions, this case is one wherein appellee, Lunsford, sued appellant, Kendrick, alleging that the parties named had made a partnership agreement whereby donations in land and money were to be secured for the erection and construction of a cotton seed oil mill in Knox City, Tex.; that a specified five acres of land and certain moneys were secured with which in part the mill had been completed as agreed upon; that by the terms of the agreement the plaintiff was to have an undivided interest of one-half in said donations and an undivided one-fourth in the oil mill property after its completion. It was further alleged that the enterprise had proved

profitable; that all obligations jointly assumed in constructing the mill had been discharged out of the profits, leaving a balance which defendant had wholly appropriated to his own use, and the plaintiff prayed for an undivided one-half interest in said five acres of land, for an undivided one-fourth interest in the mill property, and for his proper share of the accumulated profits. The court instructed the jury, in substance, that if they found the facts as alleged by the plaintiff, and that out of the donations and profits the mill property had become fully paid for, then they should find for plaintiff the interests prayed for, and also his pro rata share of the excess profits if any. The verdict, which the judgment followed, reads: "We, the jury, find for the plaintiff in the sum of ($2,500.) two thousand, five hundred dollars, and (¼) one-fourth undivided paid out interest in the Knox City Oil Mill plant."

Appellant has failed to comply with the rules relating to the filing of briefs, but presents a motion with citation of authorities that substantially amounts to a submission of the cause upon a suggestion of fundamental error. The contention is that the judgment is not final, in that the issue of appellee's right to an undivided one-half of the five acres of land described in his petition is not disposed of by the judgment. We are of opinion, however, that the contention must be overruled. The facts alleged, particularly as interpreted by the court's charge as a whole, indicate that the theory of the plaintiff's case was that the contributions both of land and money were to be utilized in the construction of the mill for the joint benefit of the parties; and that when such contributions plus the profits paid for the same the plaintiff was to be entitled to one-fourth and the defendant three-fourths. In other words, that the plaintiff was merely entitled to a one-half interest in the five acres of land in the sense that he was entitled to be given a credit for one-half its value in the determination of whether plaintiff had complied with his partnership agreement, and earned or paid for his alleged one-fourth interest in the completed undertaking. But, even if appellee's petition be construed as seeking to recover the undivided interest mentioned independently of and in addition to the undivided one-fourth interest in the oil mill property for which he also sued, the mere fact that the judgment in its recitals failed to affirmatively deny the asserted right in the five acres of land in no way affects its finality. In such case the prima facie legal effect of the judgment is an adjudication against the cause of action as to which the judgment is so silent. Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77, et Davies v. Thompson, 92 Tex. 391, 49 S. W. 215. In the case last mentioned the heirs of Thompson sued the heirs of

Davies for an undivided one-half of certain real property and of moneys arising from sales of real property. The verdict and judgment were for the plaintiffs for $14,000 without mention of the interest in the land sued for, and the Supreme Court on certified question expressly held the judgment to be final notwithstanding its failure in terms to dispose of the real estate. The case we have here is even more forceful. Both verdict and judgment was in plaintiff's favor for "two thousand, five hundred dollars, and one-fourth undivided paid out interest in the Knox City Oil Mill plant." The term "plant," construed in the light of the pleadings and of the charge, comprehends the land ·upon which the oil mill was located, and this without dispute in the record is upon the five acres in controversy. See Blake v. Clark, 6 Greenl. (Me.) 436; Gibson v. Brockway, 8 N. H. 465, 31 Am. Dec. 200. So that in legal effect the judgment awards to plaintiff an interest in the land. The fact that the interest is somewhat less than as prayed for, and that the land as considered by the jury and as awarded was evidently treated as an integral part of the oil mill property, and not as entirely independent thereof, cannot materially affect the character of the decree. Such a judgment has never been held so far as we are aware to be wanting in finality.

We conclude that appellant's "plea to jurisdiction and motion to dismiss" should be overruled, and that the judgment should be affirmed.