**WALLS et al. v. CRUSE et al.**
**(No. 250–3467.)**

(Commission of Appeals of Texas, Section A. Dec. 7, 1921.)

**1. Witnesses �köö160(2)—Party cannot testify to transaction between decedent and third person.**

The prohibition by Rev. St. 1911, art. 3690, against testimony by a party to a suit in which the adverse party is the representative or heir of a deceased person, applies not merely to statements or transactions between such party and the deceased, but also to testimony by the party concerning statements and transactions between deceased and third person although occurring when the witness had no interest therein.

**2. Property �köö12—Abandonment of land does not transfer title.**

An abandonment of land by one having a title thereto subject to vendor's lien and surrender of possession by him to a creditor does not transfer the title to the land to such creditor.

**3. Vendor and purchaser �köö95(1)—Lien foreclosure suit is election against rescission.**

The institution of a suit foreclosing a vendor's lien is an election by the vendor not to rescind the contract.

**4. Vendor and purchaser �köö95(1)—Election by foreclosure suit not prosecuted to judgment is revocable.**

The election against rescission made by instituting suit of foreclosure of vendor's lien is not irrevocable, where the suit was not prosecuted to final judgment.

**5. Vendor and purchaser �köö101—Notice essential to revocation of intention to foreclose.**

The vendor's right to revoke by dismissal of a foreclosure suit his election against rescinding can only be exercised by giving the purchaser notice of intention not to foreclose but to rescind the contract.

**6. Vendor and purchaser �köö101—Purchaser has option to pay on notice of vendor's revocation of election to foreclose.**

The purchaser can, upon receipt of notice of revocation of the vendor's election to foreclose and intention to rescind, pay the amount due on the note with interest and prevent rescission, regardless of the length of time he had been in default.

**7. Vendor and purchaser �köö85—Competent evidence held insufficient to show consent to rescission by vendor.**

In a suit by the heirs of the purchaser of a tract of land subject to vendor's lien, evidence, excluding that which was incompetent, *held* insufficient to show that the purchaser consented to rescission of the contract by vendor.

**8. Vendor and purchaser �köö89—Remedy by rescission is not favored.**

The remedy of a vendor of land by rescission of the contract is not favored.

---

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Maggie Walls and others against R. A. Cruse and others. Judgment for the defendants was affirmed by the Court of Civil Appeals (217 S. W. 240), and plaintiffs bring error. Reversed, and case remanded.

J. E. Wheat, of Woodville, and Collins & Morris, of Beaumont, for plaintiffs in error.

J. A. Mooney, of Woodville, and Greer & Nall, of Beaumont, for defendants in error.

GALLAGHER, J. Miss Mary S. Cobb owned 300 acres of land out of the Lucas survey in Tyler county. On the 19th day of February, 1881, she, together with another, executed her promissory note to John Cruse, due January 1, 1882, for the $177.18 with interest at the rate of 12 per cent. per annum. She secured this note by deed of trust on said 300 acres of land.

On the 9th of June, 1883, she conveyed by warranty deed 100 acres off the south side of said tract of land to Thomas Baker and 100 acres adjoining the same out of the middle of said tract to Thomas Walls. The deed to Walls recited a consideration of $125 cash and a note payable to her due January 1, 1884, for $125 with the interest at the rate of 7 per cent. per annum from maturity and retained a vendor's lien to secure said note.

After the respective sales to Walls and Baker, Miss Cobb sold the remaining 100 acres of said tract to R. A. Cruse, one of the defendants in error. The average value of the three tracts sold to Walls, Cruse, and Baker, respectively, was about the same.

R. A. Cruse at the time of the sale to Walls at the request of Miss Cobb bought the note executed by her to John Cruse and secured by said deed of trust.

Thereafter, Miss Cobb gave the $125 vendor's lien note executed to her by Walls to R. A. Cruse for collection, the proceeds to be credited on her note to John Cruse then held by R. A. Cruse. Walls, on January 26, 1884, paid $114 on this note, leaving only $11 unpaid. On December 29, 1887, R. A. Cruse, alleging that he owned said note, brought suit against Walls thereon and prayed for foreclosure of the vendor's lien and for sale of the land to satisfy said balance due on the note sued on. This case remained on the docket of the court until January 28, 1908, when it was dismissed by said Cruse.

Thomas Walls on March 28, 1885, executed and delivered to R. A. Cruse his promissory note due one day after date for $318.22 with 10 per cent. interest. Walls, by indorsement thereon, acknowledged on June 10, 1889, that the debt evidenced thereby was just and unpaid. This note was given for material used in building a house on the land purchased from Miss Cobb. It was not declared on in the suit of Cruse v. Walls and was never sued on, neither was the $177.18 note given by Miss Cobb to John Cruse and held by R. A. Cruse ever sued on.

Miss Mary S. Cobb married Monroe Davis, and on January 27, 1908, joined by her husband, conveyed the two tracts formerly conveyed by her to Baker and Walls, respectively, to R. A. Cruse, reciting a cash consideration of $500, and further reciting that both Baker and Walls had abandoned the land and left the country after refusing to pay their respective notes and that she had rescinded the said sales.

Walls was foreman of a section gang on the railroad. While he was so engaged, he cleared about 10 acres of the tract purchased by him and built a house on it, but he never lived on it. He left Tyler county about 1889 and never returned. Just before he left, he stated that he was going to let Mr. Cruse have the place, that he owed Cruse, and was going to turn the place over to him. Afterwards, in 1893 or 1894, the witness N. A. Cobb, a brother of Miss Cobb, saw Walls in Corrigan, and Walls asked if Cruse had sold the land he bought from Miss Cobb. Cruse always claimed the Walls land after Walls left.

Thomas Walls died on March 19, 1911, and on July 22, 1913, this suit was filed in the district court of Tyler county by Maggie Walls and others, plaintiffs in error, as his heirs at law, against R. A. Cruse and the Steger Lumber Company, defendants in error, to recover the said 100 acres of land deeded to Walls by Miss Cobb and to recover damages for timber alleged to have been cut and removed therefrom.

The case was tried before the court and judgment rendered that plaintiffs take nothing by their suit and that defendants recover their costs. The Court of Civil Appeals affirmed the judgment of the trial court. 217 S. W. 240.

Defendant in error R. A. Cruse was permitted to testify on trial of the case, over the objection of plaintiffs in error, in substance, that Walls was with Miss Cobb when she requested him to take up and hold the note she had executed to John Cruse, and that he joined in such request and agreed to pay said note, and stated his title would not be good until it was paid; that there was a subsequent agreement between Miss Cobb and Walls that he (Cruse) could take the land back on the John Cruse debt and that she had a perfect right to make a deed to him in lieu of a foreclosure and that certain pencil notations were made on the notes at that time.

The objection urged by plaintiff in error against the admission of this testimony was that Cruse was not a competent witness to testify to transactions with or statements by Thomas Walls, said Walls being dead and said Cruse being a party to the suit and interested adversely to plaintiffs in error,

who were suing as heirs of said Thomas Walls.

The bills of exception complaining of the admission of this testimony indicate that the trial court was of the opinion that because the transactions involved were between Miss Cobb and the deceased, they were not within the inhibition of the statute, notwithstanding the witness was a party thereto, or at least interested therein.

[1] A party to a suit is prohibited from testifying therein, not merely as to statements by the deceased to him or transactions between him and the deceased, but also as to such statements to or transactions between the deceased and third persons, although occurring when the witness had no interest therein. Parks v. Caudle, 58 Tex. 216, 221.

The trial court erred in admitting such testimony over the objection so urged. R. S. art. 3690. Parks v. Caudle, supra; James v. James, 81 Tex. 373, 377, 16 S. W. 1087.

Defendants in error seek to sustain the judgment in their favor on the theory that Walls, being indebted to Miss Cobb in the sum of $11 balance due on his vendor's lien note and to R. A. Cruse in the amount of $318.22, surrendered the land to Cruse in satisfaction of said debts and agreed that Miss Cobb might rescind the sale to him and convey the land direct to Cruse in lieu of a foreclosure of the vendor's lien and a sale under such judgment of foreclosure.

[2] Notwithstanding Walls may have been indebted to Cruse as contended, his abandonment of the land and his permitting Cruse to take possession thereof did not divest him of the title thereto and vest it in Cruse. Unless Cruse acquired title to the land by virtue of Miss Cobb's attempted rescission of the sale to Walls and her conveyance to him, the title thereto, so far as this record discloses, remained in Walls and at his death descended to his heirs.

[3-5] Miss Cobb, by accepting, after maturity, a very large portion of the purchase money remaining unpaid, by subsequently causing or permitting Cruse to file suit for recovery of the $11 balance due on vendor's lien note and for foreclosure on the land, and by permitting such suit to remain on the docket until January 28, 1908, elected to affirm the sale and to enforce the collection of the balance due on the note. Roberts v. Lovejoy, 60 Tex. 253, 255. While such suit was pending, she could not make an extra judicial rescission and convey the land to another. Not having prosecuted such suit to final judgment, her election, however, was not irrevocable. Stone Land & Cattle Co. v. Boon, 73 Tex. 548, 555, 556, 11 S. W. 544. She had a right to abandon her demand for the unpaid purchase money and cause the suit to be dismissed, as she did. But having once elected to affirm the sale and

enforce the payment of the remainder of the purchase money, she could not, thereafter, except with the consent or acquiescence of Walls, change her election and disaffirm the sale without first giving him notice of her intention to do so and a reasonable opportunity to comply with his contract by paying the remainder of the purchase money. Phillips v. Herndon, 78 Tex. 378, 384, 14 S. W. 857, 22 Am. St. Rep. 59; Dillingham v. Kerr, 139 S. W. 911, 913 (writ refused).

[6] Upon receipt of such notice Walls would have had the right to pay or tender the remainder of the purchase money with interest and save his land from forfeiture, no matter how long he may have been in default in making such payment. Dillingham v. Kerr, 139 S. W. 911, 913 (writ refused); Tom v. Wollhoefer, 61 Tex. 277, 281. There is no claim that such notice was given. In fact, the record refutes such a claim, for the deed by which the sale to Walls was declared rescinded and the land conveyed to Cruse was acknowledged on the 27th day of January, 1908, and the suit for recovery of the purchase money was not dismissed until next day.

Walls died in 1911. There is no evidence that he ever knew the contents of this deed or that it had been executed and delivered. The issue of acquiescence is therefore also eliminated by the record.

[7] The testimony of the witness Cobb that Walls said he owed Cruse and was going to turn the land over to him, and that Walls subsequently inquired whether Cruse had sold the land he bought from Miss Cobb, does not, in our opinion, amount to an agreement that she might rescind the sale to Walls and convey the land to Cruse. The only testimony of such an agreement in the record is the testimony of defendant in error Cruse, as a witness in his own behalf. This testimony we have held was improperly admitted.

[8] The remedy by rescission is not favored. There is only a small amount of the purchase money still due on the land involved in this suit, and plaintiffs in error offered to pay the same with interest and tendered the same in court. The trial court erred in rendering judgment against them, and the Court of Civil Appeals erred in affirming the judgment so rendered.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and the case remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.