## EGGLESTON v. PRIMROSE PETROLEUM CO.

### No. 8740.

Court of Civil Appeals of Texas. San Antonio.

Feb. 10, 1932.

Rehearing Denied March 16, 1932.

M. L. Roark and Henry C. King, Jr., both of San Antonio, for plaintiff in error.

Walter Groce, Bernard Ladon, and Wier & Wier, all of San Antonio, and Magus Smith, of Pearsall, for defendant in error.

FLY, C. J.

This is a suit for damages instituted by Pearsall Cotton Oil Company against Primrose Petroleum Company, arising from a failure to deliver fuel oil ordered by said Cotton Oil Company from the Petroleum Company; the damages being based on the failure to deliver the oil. The Primrose Petroleum Company impleaded appellant, who applied for this writ of error as against a judgment rendered in favor of the Cotton Oil Company as against the Petroleum Company, for $768, and in favor of the Petroleum Company over against appellant.

There being no statement of facts, the findings of fact of the county judge necessarily become the conclusions of fact of this court. They are as follows:

"Plaintiff on or about the 4th day of August, 1926, ordered one car of fuel oil from defendant, The Primrose Petroleum Company, said car of oil to be shipped on August 15th, and plaintiff when placing said order notified defendant, The Primrose Petroleum Company's Agent, that it would not have a place to put said oil until that time but would need it on that date.

"Defendant, The Primrose Petroleum Company failed to ship said car of oil on the date agreed upon.

"Plaintiff called defendant, The Primrose Petroleum Company, on the 15th, 16th and 17th days of August, 1926, notifying them that plaintiff would have to close down its mill unless it received the oil ordered and that on each and every occasion the defendant, The Primrose Petroleum Company assured the plaintiff that said car of oil was being shipped and would be there at once.

"Thereafter on August 20th, 1926, in response to inquiry made by plaintiff, defendant wired plaintiff that said car of fuel oil had been shipped giving car number but that car of that number was never shipped. Defendant, The Primrose Petroleum Company had proper notice that plaintiff would be forced to close its mill if the oil was not delivered as per contract.

"Plaintiff thereafter secured oil from another source to reopen its mill which had been forced to close for want of oil.

360

"On August 26, 1926, a car of fuel oil was shipped from Three Rivers, Texas, by defendant, Primrose Petroleum Company to plaintiff.

"Plaintiff was forced to close its mill because of the lack of fuel and said mill was closed for 5½ days. The closing of said mill was due solely to the failure of defendant, Primrose Petroleum Company to ship the car of oil as specified.

"Plaintiff had many cars of cotton seed on the tracks which it could not unload because of the lack of fuel oil and plaintiff was forced to pay $218.00 demurrage charges on said cars so held up because of the lack of fuel oil.

"The reasonable rental value of plaintiff's mill was $100.00 per day and $550.00 for the 5½ days that it was shut down.

"The pleading first setting up rental value of the mill as a measure of damage was apparently lost from the records of this case but a judgment was entered upon the basis of the rental value of the mill as measure of damage before the expiration of two (2) years from the breach of this contract, cause of action based on the rental value and demurrage charges were alleged before the expiration of two (2) years from the breach of the contract alleged in this case.

"Plaintiff used all the diligence that a person of average business ability would have used to prevent loss on account of the breach of this contract.

"If defendant had shipped the car of fuel oil ordered by plaintiff on the day specified it would have reached plaintiff in time to have prevented his mill from having to close down.

"On the day plaintiff ordered said car of fuel oil, defendant, Primrose Petroleum Company placed its order with George B. Eggleston & Company, directing them to ship said car of fuel oil to plaintiff on the 15th day of August according to plaintiff's order.

"Thereafter upon the receipt of inquiry from plaintiff by defendant, Primrose Petroleum Company, said defendant, Primrose Petroleum Company on each and every occasion notified George B. Eggleston & Company that plaintiff had not received the car of oil ordered and that on each and every occasion George B. Eggleston & Company promised the defendant, Primrose Petroleum Company that said car of fuel oil would be shipped promptly and that defendant, George B. Eggleston & Company furnished defendant, Primrose Petroleum Company with the car number of a car of oil which George B. Eggleston & Company said had been shipped and that this was the same car that defendant, Primrose Petroleum Company notified plaintiff had been shipped, in its wire dated

August 20th, 1926, and that said car was never shipped."

■ The Primrose Petroleum Company not having filed any exceptions to the judgment against it in the trial court, and not having prosecuted an appeal or writ of error to this court, such company cannot assail the judgment against it on appeal. Anderson v. Silliman, 92 Tex. 560, 50 S. W. 576.

The first, second, third, fifth, and sixth propositions are overruled. The amendments did not change the cause of action, the basis of the suit at all times being damages arising from a failure to deliver fuel oil in a reasonable time. The petition was good as against a general demurrer.

■ The date of the judgment is made certain by the recitation in the order overruling the motion to set aside the judgment from which the appeal was taken. The fourth proposition is overruled.

The seventh proposition is overruled. The bill of exceptions taken by plaintiff in error is too voluminous, multifarious, and uncertain. The complaint is that certain testimony was rejected, but the bill contains the pleadings, the judgment, contract, and order overruling the motion to set aside the judgment, as well as quite a number of matters desired to be introduced in evidence.

The judgment is affirmed.