**WAGNER v. HOGAN.**

**No. 2256.**

Court of Civil Appeals of Texas. Eastland.

March 27, 1942.

Rehearing Denied April 24, 1942.

Joe S. Moss, of Post, for appellant.

Morris G. Watson, of Roby, for appellee.

GRISSOM, Justice.

H. C. Hogan filed this suit in Fisher County against W. H. Wagner, a resident of Terry County, on May 10, 1941. Plaintiff alleged that Alta Hogan, on February 12, 1940, by warranty deed conveyed to Wagner a half section of land in Terry County; that as a part of the purchase price Wagner executed ten vendor's lien notes for $196 each, the first of which was due January 1, 1941, and one due on the first day of January of each subsequent year to and including 1950. That each of said notes provided that failure to pay any of the said series of notes, or any installment of interest when due, would, at the option of the owner or holder thereof, mature all of said notes. That plaintiff acquired title to said notes and was the legal owner and holder thereof, and, on the 15th day of April, 1941, after the first of said notes was due and after the interest on the series was due, made demand on defendant to pay the same; that defendant refused to make payment and plaintiff exercised his option to declare all of said notes due and placed same in

the hands of his attorney for collection. Plaintiff prayed for judgment for the principal, interest and attorney's fees due on the notes and for foreclosure of the vendor's lien.

Defendant filed his plea of privilege to be sued in Terry County. The plea was duly controverted. Plaintiff alleged defendant, in the notes sued on, agreed to pay them in Fisher County, and that by the provisions of subdivision 5, Art. 1995, Vernon's Ann.Civ.St., the cause was maintainable in Fisher County. Plaintiff, in his amended petition, also alleged as an exception to the venue statute, subdivision 5, Art. 1995, and that defendant by the execution of said notes, which so provided, had agreed to pay them in Fisher County. Plaintiff further alleged that the term of court in which this suit was filed began on the 2nd day of June, 1941; that defendant filed his plea of privilege; that said plea has been set down for hearing on June 16, 1941, "the earliest possible date for such hearing, since counsel for the defendant agreed that if he should waive formal service of a copy of plaintiff's controverting affidavit he would still require the full period of time of ten days between the service of such notice and its return date, and that pursuant to his agreement so to waive service of such certified copy of the plaintiff's controverting affidavit, the court has set the original cause for trial June 16, 1941. The week beginning June 16, 1941 is the last week of the present term of court, and the next term of court in Fisher County begins October 13, 1941."

Defendant filed an answer and cross-action, subject to his plea of privilege. In his cross-action, defendant alleged the land was encumbered with an oil and gas lease which provided for a yearly rental of $160; that in the purchase of the land there was no reservation of said oil rentals, and the deed conveyed such rentals to Wagner; that at the time of the purchase plaintiff and defendant entered into a written contract, by the terms of which it was provided that the oil rentals were to be paid to defendant; that plaintiff unlawfully collected and converted said $160, and defendant was entitled to recover $160 from plaintiff with interest from May 3, 1940; that plaintiff was insolvent and defendant was entitled to have said $160 set off against the payment due on the land. Defendant alleged "about two or three weeks prior to the filing of this suit,

[defendant] tendered to cross-defendant the amount of said first note herein sued upon, together with all accumulated interest to January 1, 1941, less said $160 * * *," but plaintiff refused to accept said payment, and, therefore, plaintiff was estopped from asserting any lien against said land. Defendant alleged he tendered into court "said first payment and all interest on all of said series of notes to January 1, 1941, less said $160 and interest thereon from May 3, 1940 * * *." In the cross-action defendant further sought to recover $350 that he had agreed to pay to his attorney to represent him in this suit and damages "by way of expenses attending court and hiring hands to take care of his crop while in attendance on court in the reasonable sum of $150" and $1,000 exemplary damages.

The judgment shows that on the 19th day of June, 1941, all the parties in person and by their attorneys appeared and "submitted the matters in controversy" to the court without the intervention of a jury. In the judgment it was decreed that Hogan recover from Wagner his debt in the sum of $2,172.08 and foreclosure of his lien. The offset of $160 was allowed the defendant, although the judgment does not expressly so provide. The judgment further decreed that defendant take nothing on his cross-action. Wagner has appealed.

The first and sixth points urged by defendant are that the court was without jurisdiction to render any judgment on the merits until the plea of privilege had been first disposed of, and, since the term of court at which defendant's plea of privilege was filed has now expired without the plea of privilege being disposed of, this court has no more jurisdiction than the trial court would have at its next term, and the cause must, therefore, be transferred to trial on its merits to Terry County.

Both points assume the trial court did not, either prior to or at the time of the trial on the merits, dispose of the plea of privilege. It is apparent from the entire record that the plea of privilege was tried along with the merits of the case by agreement. The entire record fails even to indicate any objection relative to its then being so tried. Defendant's bill of exception No. 1, complaining of the action of the court in overruling defendant's general demurrer, recites: "Be it remembered that on June 19, 1941, came on to be

heard before the court without a jury the plea of privilege filed in said cause along with the merits of said cause * * *", also, "And be it further remembered that said cause, both as to the plea of privilege and on its merits, was heard and finished on said June 19, 1941, and the court announced he would render his decision and judgment the next day, and the court did, the next day, to-wit, June 20, 1941, duly render in open court its judgment * * *."

A part of the court's first conclusion of law is: "That venue for said suit lies in Fisher Co., where the notes were payable and contract performable, and the District Court of Fisher Co. has jurisdiction thereof." Likewise, the statement of facts reveals that the plea of privilege was considered and disposed of along with the trial on the merits. The judgment is ambiguous and does not plainly show that the plea of privilege was tried with the case on its merits and determined adversely to defendant.

"In construing an ambiguous judgment it is always proper for the court to look to the entire record (including the citation), the pleadings, the issues made in the case, the testimony offered in support of pleadings, the charge, the fact or facts found by the court, and other proceedings leading up to the judgment." 25 Tex.Jur. 461, sec. 89. "We are of the opinion that in testing the validity of a judgment of a court, when the facts on which it was based are in the record, this court may look to the evidence to aid it in the interpretation of the judgment." Poitevent v. Scarborough, 103 Tex. 111, 114, 124 S.W. 87, 88. "If the judgment is ambiguous, the record in the case, including the pleadings, are admissible to aid the court in construing them." McCoy v. Texas Power & Light Co., Tex.Com. App., 239 S.W. 1105, 1115. "It is always proper, in construing an ambiguous judgment, to look to the pleadings, to the issues made in the case, to the testimony offered by the parties in support of their respective pleadings and the fact or facts found by the court as evidenced by its judgment." Lipsitz v. First Nat. Bank, Tex.Com.App., 293 S.W. 563, 566. In Durden v. Roland, Tex.Civ.App., 269 S. W. 274, it was held that an ambiguous judgment must be construed in the light of the court's conclusions of law and fact. See also Shawver v. Masterson, Tex.Civ. App., 81 S.W.2d 236, writ refused; Ken-

drick v. Lunsford, Tex.Civ.App., 150 S.W. 480, writ refused; Campbell v. Schrock, Tex.Com.App., 50 S.W.2d 788, 791; Eggleston v. Primrose Pet. Co., Tex.Civ. App., 47 S.W.2d 359, 360; Houston Oil Co. v. Village Mills Co., Tex.Com.App., 241 S.W. 122, 129. We conclude that the plea of privilege was heard and disposed of adversely to defendant along with the trial on the merits. Since said points assume, contrary to the record, that the plea of privilege was not disposed of, they are overruled. We need not consider whether if the record did not so show it would be presumed defendant waived his plea of privilege.

Defendant's fourth point is that the court erred in overruling defendant's general demurrer, because, defendant asserts, plaintiff failed to allege he gave defendant notice of his intention to exercise his option to accelerate the maturity of the series of notes. Plaintiff alleged "after the first of such notes was due and payable, and after the interest on the series of notes was due and payable [plaintiff did] make demand on the defendant to pay the same, and defendant refusing, plaintiff exercised his option to declare all of such series of notes due and payable and of full maturity * * *."

■ The evidence shows that the grantors in the deed were Mrs. Alta Hogan, joined by her husband, H. C. Hogan. The payee named in the notes was Alta Hogan. Before and after the first of said series of notes and the interest on the series became due, to-wit, January 1, 1941, Mrs. Hogan notified Wagner by letters that she and her husband were separated; that she owned the notes; that her husband was crooked and had beat her out of some money and that he might forge her name to the Wagner notes; she instructed Wagner not to pay the notes to anyone but Mrs. Hogan, and told him she would not indorse the notes to Hogan, or anyone else, and that she would see Wagner about the notes when she got them in her possession. The evidence is undisputed that Wagner was ready, able and willing to pay everything that was due January 1, 1941. About May 6, 1941, Mr. and Mrs. Hogan together went to see Mr. Wagner and demanded payment of all, or at least two, of the vendor's lien notes. Note No. 2 was not due until January 1, 1942. Wagner then offered to pay note No. 1 due

January 1, 1941, and all interest due to January 1, 1941, less $160. In May, 1940, Hogan had collected $160 oil and gas rental on the land sold to Wagner. This money belonged to Wagner and was collected and wrongfully retained by Hogan. At no time prior to the visit of both Mr. and Mrs. Hogan to Wagner, about May 6, 1941, could Wagner have safely paid Note No. 1, and the interest due January 1, 1941. Plaintiff says the notes were payable at a bank in Fisher County. Even if Wagner could have safely ignored the warnings of the payee named in the notes, which he could not, and had he gone to said bank to pay the note and interest due on January 1, 1941, he would not have found the notes there. According to plaintiff's testimony he then had them in a Sweetwater bank, pledged there to secure his debt. On January 1, 1941, only Note No. 1 and the interest on the series of notes, less said $160, was due. Wagner was then ready, able and willing to make such payment. He was never given an opportunity to safely make that payment until the visit of both Hogan and his wife about May 6, 1941. Wagner then tried to make such payment. It was refused. More was demanded than was due. Immediately thereafter the Hogans transferred the notes to a trustee who transferred them to Hogan. Hogan then declared the series of notes due, instituted suit on the entire series, and asked judgment for his debt and foreclosure. Under the circumstances the most that Hogan could then, in equity and good conscience, have exacted of Wagner was payment of Note No. 1 and the interest due on the series of notes as of January 1, 1941; they might then have given Wagner notice that unless Wagner, within a reasonable time, made such payment to the Hogans, they would declare all of said notes due and payable. Without such notice, under the circumstances, he could not mature the series of notes. Buck v. De Shazo, Tex.Civ.App., 5 S.W.2d 878; Hill v. James, Tex.Civ.App., 7 S.W.2d 910; Lynch Davidson & Co. v. Hudson, Tex. Civ.App., 15 S.W.2d 203, writ refused; 43 Tex.Jur. 353, 355, 499; Cofer v. Beverly, Tex.Civ.App., 184 S.W. 608; Maverick v. Perez, Tex.Com.App., 228 S.W. 148; Scarborough v. Arrant, 25 Tex. 129, 134; Erwin v. Daniels, 34 Tex.Civ.App., 378, 79 S.W. 61; Hild v. Linne, 45 Tex. 476; West Lumber Co. v. Henderson,

Tex.Civ.App., 238 S.W. 710. For this reason the judgment will be, in part, reversed and remanded. If Wagner promptly pays to the Hogans (upon their execution of a proper release) notes Nos. 1 and 2, and interest to January 1, 1942, on the series of notes, less $160, and interest thereon from May 3, 1940, plaintiff's suit should be dismissed. Insofar as the judgment overrules defendant's plea of privilege and denies defendant judgment on his cross-action, it is affirmed. Otherwise, the judgment is reversed and the cause remanded.

Affirmed in part and reversed and remanded in part.