JUSTIN McCARTY v. J. LA VEGA MOORER ET AL.

1. RESCISSION OF CONTRACT FOR SALE OF LAND—EQUITIES.—While the vendor is entitled to the land sold on the failure of the vendee to comply with the contract of sale, it does not follow that he can oust the vendee without adjusting his equities under the contract.

2. SAME—COURT SHOULD ADJUST AND ENFORCE EQUITIES.—Where, upon adjusting the value of rents as against valuable improvements made by a vendee, there is a balance due the vendee on rescission of the contract of sale, it is the duty of the court to protect the vendee; and in the event that the vendor is insolvent, and the land not subject to forced sale when recovered, it was the duty of the court below to withhold a writ of possession until the plaintiff should pay such sum, or deposit the same with the clerk, to be paid to the vendee.

APPEAL from Panola.    Tried below before the Hon. A. J. Booty.

On July 15, 1875, J. La Vega Moorer and S. J. Moorer contracted with Justin McCarty, in writing, substantially as follows: Moorer and Moorer, owning a homestead of one hundred and sixty-six acres in Panola county, executed their bond to McCarty, in the sum of $500, conditioned that if Mc-Carty would clear, fence with a good ten-rail fence, and prepare for cultivation twenty-five acres of said tract of one hundred and sixty-six acres, ten acres of which were to be done by time for planting crops for the year 1876 and fifteen acres within one year from that time, that when the work should be completed Moorer and Moorer were to execute a deed, with warranty, for twenty-five acres, to be surveyed out of said homestead tract.

Under the agreement, McCarty had the twenty-five acres he was expecting to obtain surveyed and took possession.

Suit was brought by Moorer and Moorer against McCarty for possession of the twenty-five acres held by him, the petition alleging failure and refusal of McCarty to comply with his obligation to clear, fence, &c., and asking rents, damages, rescission of contract, and possession of the land.

The defendant answered that the contract was a purchase by him of the twenty-five acres in controversy; that he had taken possession of the tract at once, and, in good faith, had made thereon valuable and permanent improvements—fencing, clearing lands, building a dwelling-house, digging wells, inclosing gardens, and planting out fruit trees—in the aggregate value of about $500; that he was not in default on his part of the contract; that he had fenced and cleared ten acres by the early spring of 1876, as required by the contract, and on November 27, 1876, he had cleared about eighteen acres, and was proceeding in the performance of the contract when he was interrupted by plaintiffs, who at that time forbade his further working on the place.

Defendant further alleged that his labor already done under the contract was of greater value than the land; that

plaintiffs were insolvent; and, in reconvention, defendant asked judgment for specific performance, &c.

Plaintiffs replied, that the work done by defendant upon the land damaged its value.

August 28, 1878, judgment was rendered for plaintiffs for the land sued for and for costs of suit.

August 28, 1878, defendant filed à motion for a new trial, upon the ground that the court erred in the application of the law to the facts of the case, and because the court failed to give defendant judgment for his improvements.

August 31, 1878, defendant filed an additional motion, urging " that the court erred in rendering judgment for the plaintiffs for the land and costs, because the court should have rendered judgment for defendant for his (defendant's) improvements, with a lien on the land in question to secure the payment thereof."

Plaintiffs moved to dismiss defendant's motion for new trial, upon the ground that it was filed more than two days after verdict and judgment.

September 2, 1878, the court, having heard the motion to dismiss the motion of defendant for new trial, overruled the same; to which plaintiffs excepted.

Defendant also asked the court to reform the judgment so as to allow to him pay for the permanent, substantial, and beneficial improvements made by him on the land, and that the court adjudge the amount of the value of his improvements to be a lien on the land.

September 2, 1878, the motion of defendant for a new trial, as well as the motion to reform the judgment, came on to be heard, and the court overruled the motion for new trial. The motion to reform was granted, and a judgment for $100, against plaintiffs, was given for defendant, for his improvements. Defendant appealed.

*Hazlewood & Hull* and *R. E. Carswell*, for appellant.—The judgment was within the power of the court during its ses-

sion. It might correct its errors by altering or reforming the decree at any time before the adjournment; especially so where, as in this case, there was no jury. (Paschal's Dig., arts. 1410, 1420; Sayles' Prac., 2d ed., sec. 130.)

We think we ought to have had a new trial, because defendant, under the testimony, we think, ought to have had judgment for more than three times $100; and as to the third ground of error assigned, we think the defendant ought to have a lien, under our Constitution, for improvements made on the homestead. Besides, we take the view that in case of rescission McCarty is entitled to pay for his improvements. (Patrick *v.* Roach, 21 Tex., 25; Scott *v.* Mather, 14 Tex., 238; Saunders *v.* Wilson, 19 Tex., 198; Dorn *v.* Dunham, 24 Tex., 379.)

In trespass to try title defendant has his statutory rights. (Paschal's Dig., art. 5301, note 1148.) We claim full compensation in equity, because our claim for improvements is not dependent on the statute, but on principles of equity. We went on the land in good faith, under a claim of right; and, independent of the statute, we claim full compensation. This is an original suit to rescind the contract. Such case is not within the purview of the statutes of trespass to try title. (Moore *v.* Brown, 15 Tex., 129; Jones *v.* Hutchinson, 21 Tex., 377.)

*B. M. Baker,* for appellees, cited Daniel *v.* Hill, 23 Tex., 571; Hill *v.* Still, 19 Tex., 76; Edwards *v.* Atkinson, 14 Tex., 373; Estes *v.* Browning, 11 Tex., 237; Patrick *v.* Roach, 21 Tex., 253.

Moore, Chief Justice.—The appellees unquestionably held the superior title to the land sued for, after appellant's failure to comply with the terms of the contract for its purchase. But it does not follow that they were entitled to dispossess appellant without regard to the equities which appellant was entitled to by reason of his partial performance

of the contract and valuable improvements placed upon the land.

The failure on the part of appellant to comply with the contract warranted appellees demanding the land; but it is equally clear that the court may deny them possession of it until they satisfy all the equities growing out of the contract in favor of appellant. This seems to have been the view, in part at least, taken of the case in the court below; but the judgment fails to carry it into effect. The court, we think, correctly held appellant entitled to pay for his improvements in excess of the value of the use of the land; but it erred in not so framing its judgment that it would not be a mere nominal recovery by appellant of the amount adjudged him. That this might not be the result, it should have directed that no writ of possession should issue on the judgment in appellees' favor until the amount adjudged the appellant should be deposited with the clerk, to be paid by him to appellant, on his demand, whenever it appeared by the return of the sheriff that the writ of possession had been executed and possession of the land described in the judgment, had been restored to appellees.

For the error of the court in not securing to appellant the amount adjudged him for the value of his improvements, the judgment is reversed, and such judgment as should have been rendered, as above indicated, is here rendered.

REVERSED AND REFORMED.