## J. A. MOORE V. FRANK GIESECKE.

### No. 2750.

1. **Contract—Mistake.**—A written contract for the sale of land executed by parties who are deficient in such legal learning and skill as will enable them to know what sort of contract they desire to make, but in which every clause and provision on which the minds of the contracting parties concur is inserted, and nothing in which they concurred was omitted by mistake, can not be set aside on the ground of ignorance or mistake when the provisions are clear and unambiguous as to the terms of the sale. For facts see opinion.

2. **Mistake.**—To relieve against the terms of a deed on the ground of mistake, it must be shown not only that there has been a mistake, but also the exact terms that the deed should have contained, in order that it might be corrected to conform to the intentions of the parties. The omitted matter must be shown by clear and satisfactory evidence to have been agreed to concurrently in the minds of the contracting parties down to the time of making the deed.

3. **Cases Reviewed.**—Clay v. Hart, 49 Texas, 433; Thomas v. Beaton, 25 Texas Supp., 318; Patrick v. Roach, 21 Texas, 253; Coddington v. Wells, 59 Texas, 49; Tom v. Wollhoefer, 61 Texas, 281; Hamblen v. Folts & Walsh, 70 Texas, 134; McCarty v. Moorer, 50 Texas, 287; Allen v. Mitchell, 13 Texas, 189; Hollis v. Smith, 64 Texas, 280; and McPherson v. Johnson, 69 Texas, 487, reviewed.

4. **Contract — Equity — Waiver.**— After reviewing the above cases the doctrine announced:

1. The vendee in an executory contract for the purchase of land may set up his equities growing out of the contract whenever the suit of the vendor is for a rescission of the contract.

2. There is no good reason why the right of the vendee to equitable relief when he is sued for the purchase money, or for the land itself, should depend upon the character or the form of plaintiff's suit.

3. Whenever the vendor has done nothing to waive the right to recover back the land he may in every case of an executory contract for the sale of land, when the vendee makes default in paying the purchase money, maintain a suit to recover back the land. In such case the original vendee or a purchaser under him may show (if the

facts warrant it) that a recovery or rescission of the sale should not be allowed, and if that remedy is maintainable he may show also the existence of any facts entitling him in equity to have compensation for permanent and valuable improvements, and to be compensated for partial payments previously made.

4. When the vendor's suit is predicated upon the mere refusal of the vendee to pay the whole consideration contracted for, the facts that the vendee has paid part of the consideration and made permanent and valuable improvements, coupled with possession of the property, unaided by some other sufficient equity, will not entitle him to recover for such purchase money or improvements. In such cases, when the vendor has neither waived his legal rights nor committed any default, he can not be involuntarily taxed with improvements made upon his property without his consent, or be made to pay a price for recovering it back.

5. The remedy of rescinding an executory contract is not favored. Slight circumstances may suffice to show a waiver by the vendor of the right.

6. If in a suit to rescind, and part of the purchase money has been paid, or permanent and valuable improvements made by the vendee, he brings into court and tenders the rest of the purchase money, with costs, a rescission of contract and recovery of the land should be denied unless strong contravailing equities be shown.

7. A plaintiff seeking rescission of an executory contract who is himself in default can not recover if the vendee tenders performance upon compliance by plaintiff with his obligations under the contract; but the vendee can not enforce specific performance while opposing the statute of limitations to a purchase money note.

For facts on which the above conclusions are announced, see opinion.

APPEAL from Washington.    Tried below before Hon. C. C. Garrett. The opinion states the case.

*Bassett, Muse & Muse,* for appellant. — 1. The court erred in overruling the defendant's exception to so much of the plaintiff's petition as sought to vary the written contract of the parties, and to engraft thereon conditions and undertakings not embodied therein at the time of its execution. Smith v. Garrett, 29 Texas, 49, 53; Bedwell v. Thompson, 25 Texas Supp., 246; 1 Greenl. on Ev., secs. 275, 277, 278.

2. Under the instrument set out in the plaintiff's petition, the vendor's lien not being expressly reserved, the plaintiff had no right to sue for the land, but his remedy was by suit for the unpaid balance of purchase money, with foreclosure of his vendor's lien on the premises. Ransom v. Brown, 63 Texas, 188, 189, and authorities; Riggs v. Hanrick, 59 Texas, 570, 571.

3. There being no prayer for the reformation of the contract, and no sufficient ground alleged for such reformation, it was error for the court to hold that the contract was executory and that the superior title remained in the plaintiff as vendor, so as to entitle him to sue for and recover the land on default in the payment of the purchase money.

4. And even if the contract should be held to be executory, no tender by plaintiff to defendant of the warranty deed stipulated for was alleged, and until such tender the defendant would not be in default so as to authorize plaintiff to treat the contract as rescinded, and to sue for land.

No tender was averred, and the averment of readiness and willingness to convey was coupled with a condition not embodied in the contract, to-wit, the execution of notes with vendor's lien, etc., and the alleged deed which was tendered contained a similar reservation not embodied in the stipulations of the original agreement.

5. The court erred in sustaining the plaintiff's exceptions to the special answer of the defendant alleging valuable improvements made by him upon the premises, and the enhancement in value thereof by reason of such improvements, and asking for an adjustment of equities should the plaintiff recover the premises.

6. Should the court not concur in the views presented under the first assignment of error, and hold that upon the allegations of the plaintiff's petition he was entitled to a rescission of the sale, still it appearing from the answer that the premises had been greatly enhanced in value by permanent improvements made thereon by the defendant, and that a considerable portion of the purchase money had been paid, it was error for the court to sustain the plaintiff's exceptions to the plea setting up such improvements and enhancement in value, and to permit the plaintiff to recover the premises in their improved condition, without accounting to the defendant for the value of the same in excess of the rental value of the premises. McCarty v. Moorer, 50 Texas, 287, 290, 291; Patrick v. Roach, 21 Texas, 251, 254, 255; Land Co. v. Boon, 73 Texas, 548; Sedg. & Wait on Trial of Title to Land, sec. 322.

*Eddins & Ewing,* for appellee.—1. Parol evidence is always admissible to vary the terms of a written contract when fraud or mistake is pleaded. Roberts v. Short, 1 Texas, 373; 1 Ct. App. C. C., sec. 8; 1 Greenl. on Ev., sec. 296a.

2. The contract being only an agreement to convey land, the court properly held that the superior title remained with Giesecke. Estes v. Browning, 11 Texas, 237; Dunlap v. Wright, 11 Texas, 300; Browning v. Estes, 3 Texas, 463.

3. It was not necessary for Giesecke to tender the deed after Moore had repudiated the contract by refusing to comply with his part of it. Haney v. Clark, 65 Texas, 96; Railway v. Nicholson, 61 Texas, 497, 498.

4. The court below properly sustained the exceptions to that part of appellant's answer which set up a claim for valuable improvements. Allen v. Mitchell, 13 Texas, 378; Estes v. Browning, 11 Texas, 119; Hollis v. Smith, 64 Texas, 283; Elam v. Parkhill, 60 Texas, 582.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to rescind a contract made by him with the defendant for the sale of land. The contract is set out in plaintiff's petition, and reads as follows:

"Know all men by these presents, that I, F. Geisecke, of said State and

county, have this day sold to J. A. Moore two certain tracts of land [describing them] for the sum of $1500, $100 in cash, the balance in seven payments of $200 each, payable consecutively on January 1, 1884, 1885, 1886, 1887, 1888, 1889, and 1890, with interest on each from January 1, 1883, at 10 per cent interest per annum, interest to be paid annually; and I hereby agree to make said J. A. Moore a warranty deed to said land as soon as it is surveyed."

The petition charges that two instruments containing said agreement were signed, one by each party; that it was contemplated by said written agreement that defendant was to execute and deliver to plaintiff, to secure the balance of the purchase money of said land, seven promissory notes, each for the sum of $200, to be due and payable as set out in said written agreement, and retaining a vendor's lien; that it was also stipulated in said writings that when said notes were executed and delivered plaintiff should then execute and deliver to defendant a deed with a clause of general warranty, which should reserve a vendor's lien upon said land to secure the payment of said notes; that plaintiff has had the land surveyed, and has been ever ready and willing to execute to defendant said deed (and has often so informed him) upon defendant's executing said promissory notes, but that defendant has always refused to execute said notes or in any manner to comply with said agreement; that defendant took possession of the land about the —— day of January, 1883, and unlawfully withholds it from plaintiff; that plaintiff and defendant are ignorant of the manner and form of drawing up legal documents, and said writings were drawn by a person not accustomed to drawing such documents; that the plaintiff and defendant, at the time they signed said instruments, did so with the understanding and belief that they carried with them the meaning and legal effect that is attributed to them in plaintiff's petition, and if they have a meaning different from that so alleged, it resulted from a mutual mistake between plaintiff and defendant, it being intended to make them express the agreements alleged in the said petition.

Defendant excepted to the petition in so much as it sought to vary the instrument set out by allegations of the intent of the parties, and answered by a general denial, and a special plea that at different times he had made payments to plaintiff amounting in the aggregate to $374.30, and that during his occupancy of the premises he had placed on them permanent and valuable improvements, whereby their value had been enhanced in the sum of $1000, specifying in what such improvements consisted.

The defendant prayed for the allowance of said payments and improvements in the adjustment of the equities between them in the event of plaintiff having a decree for the recovery of the land.

The plaintiff excepted to these defenses. The court overruled defend-

.ant's exception and sustained plaintiff's, and rendered judgment in favor of plaintiff for the recovery of the land.

The pleading on which plaintiff went to trial was an original amended petition filed on the 25th day of October, 1888, in which it is stated that the original petition was filed on the 27th day of August, 1888.

The payments made by defendant are specified in his answer as follows: January 1, 1883, $100; September 24, 1885, $50.58; September 11, 1886, $43.85; September 19, 1886, $37.20; September 15, 1887, $40.50; December 9, 1887, $102.17.

The defendant pleaded the statute of limitations of four years to the payment that matured on the 1st day of January, 1884.

We think the court erred in overruling defendant's exceptions to the amended petition. The contract copied into the petition is plain and unambiguous in its terms. Neither the contract itself, nor the allegations to the effect that it failed to express what the parties to it intended it should provide for and the reasons why it failed to do so, present grounds for departing from or adding to it in any particular. The petition fails to state a case for reforming the contract on account of a mistake made in drawing it up. It tends to show that for want of the necessary legal learning and skill the parties neither knew what character of contract they desired to make nor how to draw it up, but it does not show that any clause or provision agreed to and intended to be inserted in it was omitted by mistake or accident.

In the case of the Waco Tap Railway Company v. Shirley it is said: "It is a well established elementary principle that he who seeks to rectify an instrument on the ground of mistake must be able to prove not only that there has been a mistake, but must be able to show exactly and precisely the form to which the deed ought to be brought in order that it may be set right according to what was really intended, and must be able to establish in the clearest and most satisfactory manner that the alleged intention of the parties to which he desires to make it conformable continued concurrently in the minds of all parties down to the time of its execution." 45 Texas, 377.

The contract now in controversy is an executory one. By its terms the first things required to be done were for the vendor to have a survey of the land made and then to execute to the vendee a warranty deed for it. The plaintiff's petition shows that he caused the land to be surveyed, but it fails to show that he has made to the defendant a deed as he bound himself to do.

The vendor being in default by his failure to deliver a deed according to the terms of the contract, he was not in a situation to enforce a rescission of the contract without regard to such equities as his vendee might have on account of so much of the purchase money as he had paid and such permanent and valuable improvements as he had placed on the land.

It may be that it is not altogether clear, under former decisions of this court, when the vendee in an executory contract for the sale of land, on being sued by his vendor for possession, will be allowed to recover for improvements and partial payments, and when such relief will be denied him.

In some cases it seems to have been denied when the vendor, instead of alleging the facts of the transaction and praying for a rescission of the contract, brought strictly an action of trespass to try the title and for possession.

In the case of Clay v. Hart, 49 Texas, 433, Moore, J., said: "Nor can we see that the fact of appellant abandoning the contract and bringing an action for the recovery of land upon his superior legal title, of itself merely, warrants his (the vendee) claiming all the equities which he might if appellant was invoking the aid of a court of equity instead of seeking to enforce a mere legal title."

In the case of Thomas v. Beaton, 25 Texas Supplement, 318, it is said: "He (the vendor) did not rely for a recovery on the strength of his legal title, but invokes the aid of equity to rescind the sale and reinvest himself with the equitable title, and the maxim applies in its full force that 'he who seeks equity must do equity.' He has failed to show that in equity and good conscience the sale ought to be rescinded."

In the case of Patrick v. Roach, 21 Texas, 254, this court said: "In suits for the rescission of sales of land the parties should set up their respective equities for rents and profits on the one hand, and on the other for the value of the improvements, interest of purchase money, if paid, etc. Where the purchase money has been paid and there has been no manifest fraud or injustice by either party, and the vendor is unable to make title, the rule is to restore the land to the vendor without profits, and the purchase money to the vendee without interest. But if in such case the vendee had made valuable improvements there should be an allowance for such improvements. A vendee is entitled on rescission to pay for lasting and beneficial improvements. In suits for rescission the right to the value of improvements and the measure of its allowance depend on principles of equity, and not on the provisions of the statute regulating the actions of trespass to try title. A purchaser should be allowed for all substantial improvements and repairs."

In the case of Coddington v. Wells, 59 Texas, 49, the following language occurs in the opinion of the court: "The petition of plaintiff is not in the ordinary form of trespass to try title, but sets forth all the facts of the sale and conveyance of the land, the payment of $6000 cash, suit and judgment on the $1000 note, and asks a recovery on the ground that the judgment had never been paid. We think, under the circumstances of this case, where a large amount of the purchase money has been paid in cash, a note for a considerable sum not accounted for, leav-

ing thereby the inference that it also has been paid or transferred, and a judgment upon the remaining note has been obtained with foreclosure of lien on the land, and no reason is shown why that judgment has not been enforced; and where no offer has been made to return the amount of purchase money already received by the vendor, nor any opportunity given defendants to pay the balance due and perfect their title, the plaintiff should not be allowed to rescind the contract and recover the land."

In the case of Tom v. Wollhoefer, 61 Texas, 281, it is said: "The vendor's remedy by rescission is a harsh and stringent one, especially when a part of the consideration has been paid, and it is sought to forfeit the payment and recover or resell the land. Hence, slight circumstances are seized upon to protect the vendee against the forfeiture of the amount paid, or compel the vendor to seek redress by a suit for the balance of purchase money. He must not delay too long in insisting upon the payment of the money as it falls due, or he will be considered as having waived the default. He must not treat the contract as still subsisting, or do any act which may be construed into its affirmance."

In the case of Hamblen v. Folts & Walsh, 70 Texas, 134, it is said: "It is true that when the vendee is willing to perform the contract, and the vendor has received a part of the consideration, or has delayed for unreasonable time to ask for a rescission, so that the vendee would have the right to conclude that strict performance on his part would not be insisted upon, and under that apprehension has made valuable improvements on the land; or when for any reason it would be inequitable for the vendor to recover possession of the land, a court of equity will not permit him to do so. And the question at last in every case must be, is a rescission inequitable under the rules laid down by the courts, or has the vendee forfeited all right to perform the contract and obtain the land?"

In the case of McCarty v. Moorer, 50 Texas, 287, Chief Justice Moore said: "The appellees unquestionably held the superior title to the land sued for after appellant's failure to comply with the terms of the contract for its purchase. But it does not follow that they were entitled to dispossess appellant without regard to the equities which he was entitled to by reason of his partial performance of the contract and valuable improvements placed on the land.

"The failure on the part of appellant to comply with the contract warranted appellees demanding the land, but it is equally clear that the court may deny them possession of it until they satisfy all the equities growing out of the contract in favor of appellant. The court, we think, correctly held appellant entitled to pay for his improvements in excess of the value of the use of the land."

In the case of Allen v. Mitchell, 13 Texas, 373, it is said: "It is clear that a party can not claim compensation for valuable improvements where,

without showing that there is in truth any defect in the title of his vendor, he elects to be dispossessed rather than to pay the purchase money."

In the case of Hollis v. Smith, 64 Texas, 280, it was said by this court: "Cases may arise calling for an adjustment of equities growing out of improvements made by a person holding under executory contract as between himself and his vendor, where the former is not in default and there is failure of title in the latter. It is not, however, believed that in any case one holding under executory contract can recover compensation for improvements made upon the annulment of the contract, on the sole ground that the vendee in such contract has refused or failed to pay for the land as he agreed to do."

In the case of McPherson v. Johnson, 69 Texas, 487, it was said: "If after such default as justifies the vendor in rescinding the sale he proceeds for the price he loses his right of rescission, provided the vendee avail himself of his privilege to pay the debt. But the contract still remains executory, and the latter can not by pleading limitation defeat the action for the debt and still claim the land under a contract with which he has refused to comply."

We understand every decision on the subject to recognize the right of the vendee to assert his equities whenever the suit of the vendor is for a rescission of the contract. On the other hand, we do not understand that it was intended to decide in the cases where the vendor brought suit simply to try the title and for possession that equities in favor of the vendee of a nature entitling him to relief would not be heard. We think rather that in these cases it was intended to decide that the facts pleaded by the vendee did not show a case entitling the party to affirmative equitable relief. We can see no good reason why the right of the vendee to equitable relief when he is sued for the purchase money or for the land itself should at all depend upon the character or the form of the plaintiff's suit. Whether or not he is entitled to any equitable relief will be a proper subject of inquiry in every case. When the circumstances of the transaction show him to deserve it, it should be administered, and when they do not it should be denied.

The rule has been repeatedly and distinctly asserted, and is left by this decision in unimpaired force, that where the vendor has done nothing to waive that right he may in every case of an executory sale of land where the vendee makes default in payment of the purchase money maintain a suit for the recovery back of the land.

We can see no good reason why in every case in which the vendor sues to recover back the land contracted to be sold, the original vendee, or any purchaser under him, may not only show, if the facts warrant it, that a recovery or rescission should not be allowed, and if that remedy is maintainable also the existence of any facts entitling him in equity to have

compensation for permanent and valuable improvements and to be compensated for partial payments previously made.

We repeat what has already been said when we say that when the vendor's suit is predicated upon the mere refusal of the vendee to pay the whole consideration contracted for, the facts that the vendee has paid part of the consideration and made valuable improvements, coupled with possession of the property, unaided by some other sufficient equity, will not entitle him to recover for such purchase money or improvements. In such cases, when the vendor has neither waived his legal rights nor committed any default, he can not be involuntarily taxed with improvements made upon his property without his consent, or be made to pay a price for recovering it back.

The remedy by rescission is not favored, and, as has been said, slight circumstances, when they may be properly treated as indicative of a purpose upon the part of the vendor not to insist on that remedy, may be treated as a waiver of the right to rescind, unless its maintenance becomes necessary to enable the vendor to enforce the payment of the consideration for which he contracted to sell the land; and when a suit for the recovery back of the land has been brought, where any portion of the purchase money has been paid, or where valuable and permanent improvements have been placed upon the land by the vendee or by purchasers under him, and the defendant when sued brings into court and offers to pay the balance of the purchase money with costs of suit, unless there exist strong countervailing equities, the money ought to be received and a recovery of the land denied. On the other hand, when the vendee does not seek to perform the contract, and the vendor shows himself entitled to recover back the land, then, before he should be compelled as a condition of its reacquisition to pay for improvements or refund purchase money, equitable right to such relief should be shown by the vendee. It should appear that it will not be unjust to the vendor to so charge him.

In this case it appears from plaintiff's pleadings that by reason of his own default with regard to the deed he has no right to a decree rescinding the contract, if the defendant resists it and tenders performance of it upon plaintiff's tender of performance on his part.

The defendant's pleadings, however, do not resist a rescission. If he proposes to perform the contract, his plea of the statute of limitations must be withdrawn. If he proposes to submit to a decree for a rescission of the contract, his plea of the statute of limitations is inapplicable.

The delay of the vendor in enforcing the payment of the purchase money as the installments thereof became due, and his acceptance of considerable payments during a long period of time, were acts calculated to induce the vendee to believe that his right to rescind was waived, and to induce him to make other payments and place upon the land permanent

improvements. It may be that he has become unable to complete the promised payments.

If, under such circumstances, he does not offer to perform the contract, but unites in the prayer for its rescission, the value of the use and occupation of the land, as well as the interest upon payments made by him, will be proper subjects of adjustment if a rescission is decreed. It is not clear that the answer was not so defective in these particulars as to be subject to demurrer.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 14, 1890.