## HARDING v. GARCIA. (No. 8208.)

Court of Civil Appeals of Texas. San Antonio. April 24, 1929.

Rehearing Granted May 22, 1929.

Davis E. Decker, of Raymondville, for appellant.

Canales & Eidman, of Brownsville, for appellee.

COBBS, J. Appellee conveyed to appellant a certain tract of land for $4,500. He paid $2,500 in cash and gave his note for $2,000, due in two years, with 6 per cent. interest. A vendor's lien was retained in the deed to secure the payment of the note. During a period of about two years after the maturity of the note, appellant paid $1,500 on the note.

Appellee brought this suit to rescind the sale and to cancel the deed to appellant. He surrendered the note for cancellation and sought to recover the land and remove the cloud from the title.

Appellant answered with general and special exceptions, general denial, and plea of not guilty, and specially pleaded that he had paid all of said note except $906.78, balance of principal, interest, and attorney's fees, and that he was at all times ready and willing to

pay the same, and would pay the same, when allowed a credit of $500 by appellee, which he alleged was expended by him in perfecting the title to said land. Appellant tendered into court $406.78, the balance which he claimed was due on the note after deducting the $500, and stated that, if he was mistaken in the balance due, he was ready, willing, and able to pay whatever sum the court found due on the note. Appellant further answered that he had spent large sums of money in developing lands in the vicinity, and that the land now had a value of $40,000, and that it would be unreasonable to allow a rescission.

On trial the court permitted a cancellation of the deed and note, and rendered judgment in favor of appellee for recovery of the land. Appellant briefed this case on appeal to this court upon various assigned errors. The question is, Has appellee shown such a case as entitles him to the harsh remedy of a rescission?

■ As Mr. Black on Rescissions, § 1, says, it is not merely to terminate it, but to abrogate and undo it from the beginning. For instance, "one of the parties may declare a rescission of the contract, without the consent of the other, or against his protest if a legally sufficient ground therefor exists, such for instance as fraud, false representations, mistake, duress or infancy. Or finally a party believing himself entitled to have the contract abrogated and to have himself restored to his former position may invoke the aid of a Court of Equity and obtain a decree for the rescission of a contract and, in proper cases, for the cancellation of the instrument evidencing it."

■ In Texas that right, which comes out of an effort to recover land sold, when an express lien is retained, arises upon the principle that the legal title has not passed from the vendor and will not until the entire purchase price is paid. The vendor has two remedies for the collection of the debt: The first is he may sue on the obligation and secure a foreclosure of the purchase-money lien, and cause the land to be sold at public sale; the second is to sue for the land, as was done in this case.

■ In such a suit the defendant has always been permitted to pay off the entire debt and thus acquire the title before final foreclosure. The seller is only entitled to be paid his debt, which may be done at the very last moment. When suit is brought on the note, any question arising as to the amount must be determined by the court. The remedy by rescission is not favored. It is a harsh remedy. Maverick v. Perez (Tex. Com. App.) 228 S. W. 148; Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290.

■ There are many finespun theories arising out of the question of rescission. The case of Maverick v. Perez, supra, is an interesting, terse, and plain review of the entire subject.

We do not believe that the vendee should, by any technical rules or sophomoric reasoning, be deprived of his right to pay off his obligation in full, when he in good faith stands ready to pay the ascertained amount. We think it a dominant and ultimate right in the vendee at any time to adjust and satisfy his obligation if he seeks to do so.

The land was purchased for $4,500 and is now worth $40,000. How inequitable it would be for a court to permit the vendor to rescind the sale and take over this property in satisfaction of a small balance due, upon any theory of law, equity, or good conscience.

If we had before us the data, we would reverse and render the case, but, as we have not, the judgment of the trial court will be reversed, and the cause remanded. It is so ordered.

Reversed and remanded.

### On Appellee's Motion for Rehearing.

We originally thought that this case should be reversed and rendered. In this motion for a rehearing counsel has submitted data sufficient for that purpose. For instance:

| | | |
|---|---|---:|
| $2,000 00 | Int. at 6% from 11/6/24 to 11/6/25 on $2,000.00 | $120 00 |
| | Int. at 10% from 11/6/25 to 11/6/26 on $120.00 | 12 00 |
| | Int. at 6% from 11/6/25 to 11/6/26 on $2,000.00 | 120 00 |
| | Int. at 10% from 11/6/26 to 2/24/27 on $252.00 | 7 56 |
| | Int. at 6% from 11/6/26 to 2/24/27 on $2,000.00 | 36 66 |
| 296 22 | Total interest due 2/24/27............ Interest. | $296 22 |
| $2,296 22 | Total prin. & interest 2/24/27. | |
| 229 62 | Attorneys fees 10% of prin. & int. | |
| $2,525 84 | | |
| 500 00 | paid 2/24/27. | |
| $2,025 84 | Bal. due 2/24/27. | |
| 29 04 | Int. at 6% from 2/24/27 to 6/18/27. | |
| $2,054 88 | Total prin. & int. 6/18/27. | |
| 500 00 | paid 6/18/27. | |
| $1,554 88 | Bal. due 6/18/27. | |
| 23 33 | Int. at 6% from 6/18/27 to 9/19/29. | |
| $1,578 21 | Total prin. & int. 9/19/27. | |
| 500 00 | paid 9/19/27. | |
| $1,078 21 | Bal. due 9/19/27. | |
| | Int. at 6% from 9/19/27 to 11/6/27 on $1,078.21 | $ 8 54 |
| | Int. at 10% from 11/6/27 to 11/6/28 on $8.54 | 85 |
| | Int. at 6% from 11/6/27 to 11/5/28 on $1,078.21 | 64 69 |
| | Total interest 11/6/28................. | $74 08 |
| | Int. at 10% from 11/6/28 to 12/15/28 on $74.08 | 81 |
| | Int. at 6% from 11/6/28 to 12/15/28 on $1,078.21 | 7 01 |
| 81 90 | Total interest due 12/15/28............ | $81 90 |
| $1,160 11 | Balance principal and interest due 12/15/28 date of judgment. | |

So it will be seen that at the time of the trial W. A. Harding owed appellee the sum of $1,160.11. If the appellant pay or deposit said sum with the clerk of this court within ten days from this date, with 6 per cent. interest from date of judgment to the time it is paid, there will be no foreclosure or recovery, but judgment will be for appellant, at his cost. However, if appellant fails or refuses to do so, the judgment of the trial court will be affirmed.