## BORSCHOW v. ROSEN.

### No. 2813.

Court of Civil Appeals of Texas. El Paso. April 20, 1933.

Rehearing Denied May 11, 1933.

Lea & Edwards, of El Paso, for appellant.

Sydney Smith and John Penn, both of El Paso, for appellee.

WALTHALL, Justice.

Max Borschow sued Sam Rosen, alleging that prior to February 5, 1930, he was the owner of certain land in El Paso county and in Hudspeth county, Tex., and that at the same time Sam Rosen was the owner of certain land in El Paso county, consisting of eight sections, and that about November 30, 1929, Rosen accompanied him (Borschow) out on the Carlsbad road in an easterly direction from the city of El Paso, and pointed out to him certain lands which he (Rosen) represented to him to be the land which he owned and which he represented to be worth $10 an acre and that there was a good market for said land; that he (Rosen) desired to convey his said eight sections of land in El Paso county to him (Borschow) in exchange for the land which he (Borschow) owned in El Paso and Hudspeth counties; that thereafter, about the 5th day of February, 1930, he and Rosen entered into a written contract for the exchange of said lands; that he was induced to act and enter into said contract for said exchange of said lands by reason of Rosen's said representations as above previously made, and that but for said representations he never would have made said exchange contract; that thereafter, pursuant to said contract, he (Borschow) conveyed his said land to Rosen, and that Rosen did in fact convey, execute, and deliver to him (Borschow) deeds conveying to him eight sections of land in El Paso county, and which he (Borschow) accepted, believing the same to cover the lands which Rosen had pointed out to him as above stated; that thereafter when he made a survey of the lands actually conveyed to him by Rosen he discovered for the first time by said survey that the eight sections of land pointed out to him were an entirely different eight sections, the nearest of which is located some five miles farther east from the city of El Paso than the land pointed out to him by Rosen; that the land actually conveyed to him by Rosen consists of barren, rocky, mountainous ground of the value of $3.50 per acre and not $10 an acre as represented to him and as he believed the value to be; that each section of land contained 640 acres; that, by reason of the fraud and misrepresentations, Borschow alleges that he has been damaged in the sum of $46,080, for which he sues.

Rosen denied that he had made the representations alleged by Borschow, and alleged that Borschow had misrepresented to him the quality, value, and character of the land owned by him in El Paso and Hudspeth counties.

The court sustained Borschow's exception to Rosen's answer pleading fraud on the part of Borschow as a defense to Borschow's suit, whereupon Rosen filed a cross-action against Borschow alleging misrepresentations made to him by Borschow as to the quality, character, and value of the land he owned, and to his (Rosen's) damage in the sum of $42,500, for which he asked judgment.

Borschow demurred generally to the cross-action, and by special exception set up the two years' statute of limitation. The court overruled the general demurrer and special exception, and submitted the case to a jury on special issues. On the special issues submitted, the jury found:

(1) Rosen pointed out and represented to Borschow land other than the land thereafter conveyed to Borschow by Rosen as the land the then subject of negotiation between them.

(2) In consummating the exchange of the properties, Borschow did not rely on and be-

lieve the land conveyed to him was the same land pointed out to him by Rosen as such land.

(3) Such representations made by Rosen to Borschow as to the location of the land did not operate as a material inducement to Borschow in consummating the exchange of the properties without which Borschow would not have made the exchange.

The court did not submit to the jury any issue on Rosen's cross-action.

On the jury's findings, judgment was entered that Borschow take nothing by his suit against Rosen and that Rosen take nothing in his cross-action against Borschow.

Borschow prosecutes this appeal.

### Opinion.

The exchange of deeds between Borschow and Rosen for the lands in controversy occurred on February 5, 1930. Borschow filed this suit on July 1, 1931, and his first amended original petition on which the trial was had was filed on September 13, 1932. To Borschow's amended petition Rosen filed his cross-action on September 23, 1932. On September 24, 1932, Borschow filed a supplemental petition in answer to the cross-action, and therein, by special exception, pleaded the statute of limitations of two years in bar of all demands embraced in said cross-action. The court sustained exceptions to portions of Rosen's amended answer, but overruled the exception, pleading limitation of two years, and to that portion of the answer designated as paragraph No. 7, in which Rosen, in substance, pleaded that, after said land and all of it was deeded to Borschow by Rosen, Borschow accepted and ratified said exchange of land and affirmed the contract, that is, that when Borschow first complained to him (Rosen) that he was dissatisfied with the property deeded to him and Rosen offered to deed back said lands, Borschow refused to do so, thus ratifying and confirming said exchange of lands, and that by said refusal Borschow is estopped to claim any damages by reason of said exchange. For some reason unexplained by the record the court did not submit the cross-action to the jury, and permitted Rosen's said paragraph No. 7 to be read to the jury in connection with the rest of his answer, to which reading Borschow excepted.

Borschow submits error in overruling his exception urging limitation of two years. While the court overruled the exception, no part of the cross-action was submitted to the jury, and the court entered judgment that Rosen take nothing by his cross-action. We think reversible error is not made to appear in overruling the exception.

On the trial the court permitted Rosen to introduce in evidence, over objection, descriptions, values, and location of the lands and lots, deeded to him by Borschow in their exchange of lands.

Borschow pleaded that by reason of certain representations and his reliance thereon he had exchanged his lands for the lands deeded to him by Rosen, and that in said exchange he had been damaged $46,080.

To said pleading Rosen answered by general denial and specially denied that Borschow had been damaged by reason of said exchange of properties, and alleged that Borschow had received from him "more value than he had parted with, and for that reason he was not entitled to recover."

Borschow submits error in permitting the introduction of evidence as to the description, values, and location of the land and lots given by him in exchange. The suggestion is that, where Rosen was sued for damages for fraud in the exchange of lands, it is no defense to such action that Borschow was also guilty of fraud in such exchange of property. Borschow refers us to Chaney v. Coleman, 77 Tex. 100, 13 S. W. 850, and to Blair v. Baird, 43 Tex. Civ. App. 134, 94 S. W. 116. Both of those cases were suits for cancellation of the conveyance on account of fraudulent representations inducing the conveyance, a remedy in equity based upon a disaffirmance of writing and in which the petitioner seeks to have the instrument set aside on the ground that the execution was induced by fraud, deceit, artifice, or imposition, and in such suits it is held in the cases referred to that the action may not be defeated on the ground that the petitioner himself was guilty of fraud or misrepresentation. The object of such suit, and it is a condition precedent to the granting of relief by cancellation, is that the situation of the parties is such that both parties may be restored to their former position as to the property involved. But it would serve no useful purpose to discuss the rules, or the reason for the rules, that apply to cancellation of contracts. This is a suit at law for damages and not cancellation.

The petition and the evidence show that the parties contracted to and did make an exchange of real estate. In contracting, each of the parties seem to have indicated and estimated to the other a money value be placed upon the property, either by the piece or by the acre, he was putting in the exchange. So that the very gist of appellant Borschow's cause of action was the false and fraudulent representations as to the location and the value of the land exchanged to him for his property, and upon the truth of which representations he relied to his damage. The representations, whether in a suit for cancellation or in a suit for damages for a breach of contract, must be shown to be false, that he relied upon them as being true, and that he was actually deceived by them. Kirkland v. Rutherford (Tex. Civ. App.) 171 S. W.

1031; 7 Tex. Juris. p. 912, and the cases referred to in the notes.

The jury found against appellant, Borschow, on the issue as to whether Borschow relied on and believed the land conveyed to him was the same land pointed out to him, and that such representation as to the location of the land operated as a material inducement to Borschow in consummating the exchange, and without which Borschow would not have made the exchange.

 Appellant, Borschow, in his third point submits that the court erred in permitting a letter written by Rosen to Borschow to be read in evidence over objection. The objection was that the letter was hearsay, self-serving, and irrelevant, and in brief and oral argument it is contended that the letter influenced the finding of the jury on the above-stated issues as to the representations and Borschow's consenting to the exchange.

The letter is as follows:

"April 16th, 1931.
"Mr. M. Borschow, % The Texas Store, El Paso, Texas.

"Dear Sir: I was surprised today to hear from Mr. Walter Scott of this city regarding the trade you had with me in El Paso.

"When I was in El Paso you said that you would trade back, and if you still desire to do so, then I will trade with you. You to pay me all that I have been out on this property, taxes, interest, paving lien and etc., and other items paid by me, and I will pay you back for whatever interest you have paid to the State, and taxes paid by you.

"If this is satisfactory to you then we will make the return and it will not be necessary for you to spend money on law suits.

"Yours truly,
"[Signed] Sam Rosen."

We think the letter is not altogether in the nature of a self-serving declaration, but more in the nature of an admission against interest. Borschow had a remedy by cancellation of the deeds and recovery of what he had given in exchange, or a suit for damages, either of which would involve practically the same issues of fact. The letter in effect offers to accomplish without suit what Borschow had the right to do by suit. Again the record shows that Borschow had offered in evidence a number of letters exchanged between the two referring to their exchange of properties commencing back as far as 1929, and the letter objected to seems to have been one in the series of letters passed between them. Where a part of the correspondence on the subject was admitted, justice would seem to demand that the whole between the same parties, where relevant, be allowed in evidence. Werner v. Kasten (Tex. Civ. App.) 26 S. W. 322; New York, T. & M. Ry. Co. v. Gallaher, 79 Tex. 685, 689, 15 S. W. 694; Missouri, K. & T. Ry.

Co. v. Criswell, 34 Tex. Civ. 278, 78 S. W. 388.

 We think, in a case of this kind, where two remedies are available to the parties, it is a dominant and ultimate right in the vendee at any time pending the controversy and before suit is filed to propose to perform his obligation by performing one of the remedies, where he acts in good faith. Harding v. Garcia (Tex. Civ. App.) 17 S.W.(2d) 859.

We have concluded that the admission of the letter, under the circumstances, does not present reversible error.

We have considered points presented by Borschow not here discussed, and have concluded that they present no reversible error.

The case is affirmed.